CALVIN J. JUMP, JR. AND CARLA KAY JUMP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jump v. Commissioner
Docket No. 10813-90
United States Tax Court
T.C. Memo 1991-637; 1991 Tax Ct. Memo LEXIS 685; 62 T.C.M. (CCH) 1596; T.C.M. (RIA) 91637; December 23, 1991, Filed *685 An appropriate order and decision will be entered.
Calvin J. Jump, Jr., and Carla Kay Jump, pro se. Osmun R. Latrobe, for the respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM OPINION This matter is before the Court on petitioners' motion for litigation and administrative costs under section 7430 [1] and Rule 231. When this case was called for trial, counsel for respondent announced that the case had been settled and submitted to the Court a signed stipulated decision document. Prior *686 to entry of the decision, petitioners advised the Court of their intention to file a motion for litigation and administrative costs. The Court ordered the Clerk to file the decision document as a stipulation of settlement by the parties. Petitioners were ordered to file their motion by a prescribed date, which was accomplished. Petitioners were then ordered to file a supplemental motion to comply more fully with Rule 231(b). That being accomplished, respondent was ordered to respond, to which respondent filed a notice of objection. No hearing was requested by the parties, and the Court finds that a hearing is not necessary. In the stipulation of settlement, the parties agreed that there is no deficiency due from, nor overpayment due to, petitioners for the tax year 1988, and there is no addition to tax due by petitioners under section 6653(a)(1) for said year. Petitioners' legal residence was Tulsa, Oklahoma, at the time the petition was filed. The dispute which gave rise to this litigation was respondent's disallowance of $ 15,917 claimed by petitioners as a deduction for legal expenses on their 1988 Federal income tax return. A notice of deficiency was issued February 21, *687 1990, in which respondent disallowed the claimed deduction and determined, for 1988, a deficiency in Federal income tax of $ 1,466 and an addition to tax under section 6653(a)(1) in the amount of $ 73.30. A petition was timely filed, respondent answered, and the case was calendared for trial on May 13, 1991. Petitioners request administrative and litigation costs in the amount of $ 189.33. [2] Under section 7430, a taxpayer may be awarded a judgment for reasonable administrative and litigation costs if the taxpayer (1) has exhausted available administrative remedies within the Internal Revenue Service, (2) has established that the position of the Internal Revenue Service was not substantially justified, (3) has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues, (4) has met the net worth requirement, and (5) has not unreasonably protracted any portion of the administrative or Court proceeding. *688 Respondent agrees that petitioners have met all of the above conditions except (1), (2), and (5). Respondent contends that his position was substantially justified, that petitioners did not exhaust their administrative remedies, and that petitioners unreasonably protracted the Court proceeding. Alternatively, respondent contends that some of the costs claimed by petitioners are not allowable costs within the intent and meaning of section 7430. The burden of proof is on petitioners. Rule 232(e). Whether or not respondent's position is substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as legal precedents relating to the case. ; , affd. ; . The fact that respondent eventually loses or concedes the case is not determinative as to whether the taxpayer is entitled to an award of administrative or litigation costs. . *689 767 (1989); . The legal expenses in question were identified on petitioners' 1988 income tax return as "IRS Defense." During 1988, Calvin J. Jump, Jr., (petitioner) was tried and convicted of willfully failing to file 1982, 1983, and 1984 Federal income tax returns. It was for the defense of those charges that petitioners claimed the deduction of $ 15,917 on their 1988 return. Prior to issuance of the notice of deficiency, petitioners were contacted by respondent's Austin, Texas, Service Center for substantiation of this deduction. Petitioners did not respond to this request. The notice of deficiency was issued on February 21, 1990. From that date until the day this case was scheduled for trial, several exchanges took place between the parties in the form of letters and telephone calls. Essentially, petitioners were informed at the outset that respondent required substantiating information, not only to establish actual payment of the $ 15,917, but the sources from which petitioners paid this amount considering the fact that petitioners reported total income of only $ 18,695 on their 1988 income tax return. *690 At first, petitioners indicated to respondent's representatives that they had no documentation to establish payment because the expenses had been paid in "currency." Later, after further letters, petitioners produced various receipts for hotels and other expenses related to the trial which totaled $ 3,917. Respondent accepted these receipts, with minor adjustments. After further prodding, petitioners finally admitted having a receipt for $ 12,000 for attorney's fees but initially declined to produce a copy to respondent. Petitioners later produced this receipt; however, the document raised further questions. The receipt was purportedly from an attorney; however, it was not on formal pre-printed letterhead stationery. Instead, the attorney's name and address were typed in. The receipt merely stated that petitioner "had paid a total of $ 12,000 for said defense in either March of April of 1988." The document bore a signature which was not notarized. Counsel for respondent was skeptical of the receipt and so informed petitioner. Petitioners were further advised that more convincing proof of payment was necessary and requested a notarized statement from the attorney particularizing *691 the payment. Less than one month prior to the trial date, petitioners produced two checks, each in the amount of $ 7,500, payable to petitioner, which were drawn on petitioner's mother's account in a bank in Arkansas. Respondent's counsel was skeptical of these checks because the checks were dated several months prior to the date the attorney was purportedly paid, the checks were prepared by petitioner himself on his mother's bank account, and the fact that two checks were drawn gave respondent the impression that perhaps there was some intention of circumventing the currency reporting requirements of Federal law requiring banks to report currency withdrawals in excess of $ 10,000. Petitioners never addressed these concerns nor did they ever produce direct evidence of payment from the attorney who represented petitioner in the criminal proceeding. Instead, on the morning of the date the case was scheduled for trial, petitioner met with counsel for respondent and established, to counsel's satisfaction, that, at some undisclosed date prior to the criminal trial, petitioner had mailed, by registered mail, a parcel valued at $ 9,000, which petitioner explained contained $ 9,000 in *692 currency, to an organization called "Golden Means Team." In addition, petitioner produced the copy of a certified check payable to this same organization, in the amount of $ 3,000. Exactly who the "Golden Means Team" was and what role that entity played in petitioner's defense was not explained. However, respondent, in his opposition to petitioners' motion for administrative and litigation costs, stated: "Based upon the above, albeit highly circumstantial evidence, it was determined that the cumulative effect of the evidence was marginally adequate to support the payment of the $ 12,000.00. Mr. Jump was so advised and the case was announced as settled at the calendar call that morning." Based on these facts and the sequences of events stated above, the Court finds that respondent's position was substantially justified. At the time the notice of deficiency was issued, and after the petition was filed, respondent had no proof that petitioners had paid the legal expenses in question. For reasons of their own, petitioners were very hesitant and evasive in coming forward with their proof and never presented direct evidence of payment. Moreover, at each turn, the evidence presented *693 raised more questions of credibility. Instead of satisfying respondent's skepticism, petitioners submitted other unrelated evidence which itself was questionable. Whenever there is a factual determination, respondent is not obliged to concede the case until the necessary documentation is received to prove the taxpayer's contention. . Once the necessary information was received in this case, the issue was conceded by respondent. Respondent's position, therefore, was substantially justified. The Court further agrees with respondent that petitioners' conduct unreasonably protracted these proceedings. From the very beginning, and throughout, petitioners were advised of the problem; they were advised of the type evidence which was required to substantiate their deduction; and they were advised of the concerns respondent had with the evidence which petitioners presented. The case was not settled until the very day of trial and, at that, with evidence which was highly circumstantial, but nevertheless sufficient for respondent's purposes. In , this *694 Court stated, "Where a petitioner waits until the last minute to contact respondent's counsel, and to submit to counsel facts which demonstrate that respondent's position is incorrect, the petitioner must bear the consequences." Petitioners' conduct in this case clearly and unreasonably protracted the proceedings. Having found that respondent's position was substantially justified, and that petitioners unreasonably protracted these proceedings, the Court finds it unnecessary to address the other objections raised by respondent. Petitioners' motion for litigation and administrative costs will be denied. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. The petition in this case was filed May 29, 1990; therefore, the motion before the Court has been considered under section 7430 as amended by section 6239(d) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743, effective for all civil tax proceedings commenced after November 10, 1988. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 7430(c)(7) sets forth the periods from which the "position of the United States" is taken and within which administrative and litigation costs are recoverable. Although petitioners did not indicate the dates their various litigation and administrative costs were incurred, respondent does not contend that the costs were incurred outside the period provisions of section 7430(c)(7).↩